# United States Court of Appeals

### For the Eighth Circuit

_____

No. 13-3685

_____

Willie Scott, Jr.

*Plaintiff - Appellant*

v.

Jimmy Coleman, IV, Lieutenant, Cummins Unit, Arkansas Department of Correction; C. Rayner, Sergeant, Cummins Unit, Arkansas Department of Correction

*Defendant*s

A. Weekly, Deputy Warden, Cummins Unit, Arkansas Department of Correction

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: May 1, 2014
Filed: May 6, 2014
[Unpublished]

_____

Before BYE, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Following this court's remand for further proceedings on Willie Scott's retaliatory-transfer claim against Deputy Warden Aundrea Weekly, the district court[1] dismissed Scott's claim against her without prejudice for failure to exhaust his administrative remedies. Scott appeals.

After careful review, we agree with the district court that Scott failed to properly exhaust his administrative remedies because he did not name Weekly in his exhausted grievance as required by prison policy and did not allege retaliatory transfer in that grievance. *See Jones v. Bock*, 549 U.S. 199, 218-19 (2007) (prison's requirements define boundaries of proper exhaustion; benefits of exhaustion include allowing prison to address complaints about program it administers before being subjected to suit). Accordingly, we affirm. *See* 8th Cir. R. 47B.

———————————————

[1]The Honorable Joe J. Volpe, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).